| | | |
|---|---|---|
| **JANICE ANN THOMPSON; and** | ) | |
| **husband TERRY LEE THOMPSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **COVENANT TRANSPORT, INC.; and** | ) | |
| **JACKIE LEONARD GRANGER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon the following motions:

1.     Defendant Covenant Transport, Inc.'s Motion to Dismiss the claim of plaintiff Janice Ann Thompson, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (#28);

2.     Plaintiff Terry Lee Thompson's Motion for Mental Examination or For Leave for Plaintiff to Take a Voluntary Dismissal Without Prejudice (#30); and

3.     Defendant Covenant Transport, Inc.'s Motion to Extend the Expert Witness and Discovery Completion Deadline (#31).

The motions considered herein were filed by the defendant Covenant Transport, Inc.   An examination of the file does not show that the defendant Jackie Leonard Granger was ever served with a copy of the summons and complaint in this matter, nor has an answer been filed by Mr. Granger.   An appearance  has not been made by an attorney on behalf of Mr. Granger in this matter.   All references to "the

defendant" herein refer to the defendant Covenant Transport, Inc.

Having carefully considered all motions, and reviewed the pleadings, and considered current case law, the court enters the followings findings, conclusions and Recommendations that the defendant's Motion to Dismiss (#28) be **ALLOWED,** the plaintiff, Terry Lee Thompson's Motion for Mental Examination or for Leave to take a Voluntary Dismissal Without Prejudice (#30) be **DENIED** as to the claim of Mrs. Thompson and **ALLOWED** as to the claim of Mr. Thompson and the defendant's Motion (#31) to extend various deadlines be **DENIED** as moot.

## FINDINGS AND CONCLUSIONS

I.    **Nature of the Case and Procedural History**

On June 23, 2007, plaintiffs filed this action in the North Carolina General Court of Justice alleging claims for damages for personal injury for the plaintiff Janice Ann Thompson and for loss of consortium for the plaintiff Terry Lee Thompson.    Both claims were based upon allegations of negligent acts of the defendant and its employee arising out of an automobile accident that occurred on June 29, 2004.    Thereafter, on August 8, 2007 the defendant removed the action to this court based upon a diversity of citizenship, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).    The day prior to the Notice of Removal being filed, Ron L. Moore, who was plaintiffs' counsel in the state proceeding, was allowed to withdraw as attorney for the plaintiffs by Judge James U. Downs, North Carolina Superior Court Judge (#6).    Thereafter, the attorney for the defendant attempted to discuss with the plaintiffs the preparation of a proposed discovery plan as required by LCvR 16.1.

Defendant's counsel thereafter received a telephone call from plaintiff Janice Ann Thompson on August 29, 2007 in regard to the request that she participate in the preparation of the discovery plan. In the telephone message left by Ms. Thompson she stated, "I am not going to discuss anything about evidence or anything else with you." Ms. Thompson further stated she was going to seek a new attorney and she preferred the defendant not call her any more but that defendant contact her by mail from that point forward. (#7-3) The plaintiffs did not participate in preparing a discovery plan and the defendant presented a proposed discovery plan (#7) on September 5, 2007.

The court, on September 11, 2007, entered a Pretrial Order and Case Management Plan (#9), which set forth the following deadlines:

| | |
|---|---|
| Rule 26 Disclosures: | September 25, 2007 |
| Discovery Completion: | April 1, 2008 |
| Expert Reports: | December 1, 2007 (plaintiffs) |
| | January 1, 2008 (defendants) |
| Mediation: | April 15, 2008 |
| Motions: | May 1, 2008 |
| Trial: | 1st session in September 2008 |

In an additional Order (#8) filed on September 6, 2007, the plaintiffs were given the following warning:

Plaintiffs, who are proceeding *pro se*, are advised that they are responsible for compliance with all deadlines, responding to discovery requests, participating in conferences, and ultimately in moving this case forward. Because failure to follow rules, obey Court orders, or participate in discovery could result in the dismissal of this action with prejudice or other sanctions, they are strongly encouraged to retain substitute counsel. (Order, September 5, 2007 #8)

The defendant filed a Motion to Compel (#10) on October 27, 2007. In the motion, defendant's counsel reported she had sent Interrogatories and Request for Production of Documents to the plaintiffs on September 14, 2007 and the plaintiffs not only had failed to respond or answer the discovery requests within the time allowed by law, but additionally the plaintiffs had failed to provide the defendant the initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure. Attached to the defendant's motion were copies of letters sent to each plaintiff regarding each plaintiff's duty to provide the discovery requested. The plaintiffs did not answer the letters. The court did not receive a response from the plaintiffs to the Motion to Compel. On November 15, 2007, the undersigned, after reminding the plaintiffs of the earlier warning, allowed the Motion to Compel and gave the plaintiffs until November 26, 2007 to respond and further instructed the plaintiffs as follows:

> **IT IS, THEREFORE, ORDERED** that defendant Covenant Transport, Inc.'s Motion to Compel (#10) is **GRANTED**, and plaintiffs shall provide defendant Covenant Transport, Inc., with the required initial disclosures and fully answer such defendant's first set of discovery not later than November 26, 2007. **Failure to fully comply with this Order by such date will result in the imposition of sanctions, which may include but may not be limited to a recommendation to the district court that this action be dismissed with prejudice**. Again, plaintiffs are encouraged to retain counsel inasmuch as important legal rights are at stake in this matter and may be permanently lost. (Order, November 15, 2007 #12).

The plaintiff Terry Lee Thompson filed a Response (#13) on November 27, 2007 requesting an opportunity to belatedly respond to the defendant's motion. Mr. Thompson further reported that the plaintiff Janice Ann Thompson, his wife from

whom he had separated, had brought him the court's Order (#12) on Sunday, November 25, 2007 and had told him to: "handle it." Mr. Thompson also reported he was of the opinion his wife, Janice Ann Thompson, did not have sufficient mental capacity to manage her affairs and she was in need of the appointment of a guardian. As a result of Mr. Thompson's request, the undersigned set a hearing for December 6, 2007 and directed that both Mr. Thompson and Mrs. Thompson and the defendant appear to present arguments as to whether the court should recommend the dismissal of the plaintiffs' complaint due to failure to respond to the Order granting the Motion to Compel (#14). In the Order (#14), the court stated:

> Again, the court implores plaintiffs to retain counsel. While plaintiffs have the right to represent themselves in this action, it appears that plaintiffs are doing so in a manner that is likely to result in their claims being forever lost. Being the persons who brought the case, plaintiffs have the burden of moving the case forward and while the court has given plaintiffs as much leeway as possible, plaintiffs have failed to take advantage of those opportunities and have frustrated such attempts through basic failures such as not keeping the court and opposing counsel informed of address changes...The plaintiffs are advised that litigation is a two-way street, and that while they have a right to file a civil action in this court, that right comes with the responsibility of fully participating in the discovery <u>ordered by this court</u>.

Mr. Thompson appeared and was represented by attorney Ron L. Moore who had represented both plaintiffs when the complaint was filed in state court. The plaintiff Janice Ann Thompson did not appear for the hearing. After hearing arguments and out of an abundance of caution, the undersigned stayed Mrs. Thompson's compliance with the Order granting the Motion to Compel pending a determination of her competence by a state court (#17). Thereafter, Mr. Thompson filed a Petition for

Adjudication of Incompetence (#18) of Mrs. Thompson in Henderson County Superior Court on December 20, 2007 seeking a determination of whether Mrs. Thompson was incompetent.

On February 26, 2008 the defendant filed another Motion to Compel (#21) requesting the court again to order Mrs. Thompson to respond to all discovery requests. In the motion, the defendant revealed that the competency proceeding concerning Mrs. Thompson's competence had been voluntarily dismissed by counsel for Mr. Thompson on February 4, 2008. The defendant requested the court issue an order compelling Mrs. Thompson to answer all discovery and for an order granting costs and expenses of the defendant. Neither Mr. Thompson nor Mrs. Thompson responded to the motion. On March 21, 2008, the undersigned issued an Order (#25) allowing the Motion to Compel and directing Mrs. Thompson to comply by March 31, 2008. In the Order, Mrs. Thompson was given the following instructions:

> plaintiff JANICE ANN THOMPSON is specifically advised, cautioned, and warned that failure to fully comply with this Order or otherwise fully participate in discovery and the prosecution of her claim **WILL** result in a recommendation being entered against her that her case be dismissed;

The undersigned further granted a motion to extend deadlines for expert witness designation and discovery completion for the defendant due to Mrs. Thompson's failure to previously respond to discovery requests or to participate in the discovery process.

Mrs. Thompson did not respond to the Order (#25). On April 3, 2008, the defendant filed a motion, pursuant to Rule 41(b) requesting that Mrs. Thompson's

claims be dismissed with prejudice (#28).  Mr. Thompson filed, on April 14, 2008, a response requesting the court to voluntarily dismiss the entire action without prejudice, pursuant to Rule 41(a)(2) or in the alternative, asking the court to order Mrs. Thompson to undergo a mental examination, pursuant to Rule 35 of the Federal Rules of Civil Procedure (#30).  Mrs. Thompson did not file a response to either the defendant's motion or Mr. Thompson's motion.  The defendant responded to Mr. Thompson's motion on April 21, 2008 (#32) and also filed a further request for extension of the discovery deadlines due to Mrs. Thompson's failure to comply with the orders of the court regarding discovery (#31).

On May 12, 2008, Mr. Thompson filed a pleading entitled "Plaintiff Terry Lee Thompson's Memorandum in Opposition to Defendant Covenant Transport's Memorandum and Memorandum of Law" (#33).

## II.    Motion to Dismiss

### A.    Applicable Standard

The applicable standard for review of an Order dismissing an action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is an abuse of discretion standard.  Dove v. Codesco, 569 F.2d 807 (4th Cir. 1978)

### B.    Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

**(b)    Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on

the merits.

The Rule sets forth three instances when a complaint may be dismissed involuntarily. Those instances are: 1)failure to prosecute by the plaintiff; 2) failure of the plaintiff to comply with the Federal Rules of Civil Procedure; and 3) failure of the plaintiff to comply with an order of the court. In regard to a plaintiff's failure to comply with an order of a court there are additional requirements. The Fourth Circuit has instructed in considering a motion for dismissal pursuant to Rule 41(b) " a court must give a plaintiff a 'clear and explicit' warning of the consequences" and "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations and exhibited very bad faith." Berry v. South Carolina Dept. Of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997). [1]

In determining whether a complaint should be dismissed by the court for either failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or a failure to abide by the court's orders, the Fourth Circuit has enunciated four factors which a district court shall consider before it exercises its discretion in ruling on a motion made pursuant to Rule 41(b). Those factors are: 1) the plaintiff's personal culpability; 2) the degree to which a defendant has suffered prejudice; 3) whether there is a protracted history of intentionally proceeding in a dilatory fashion; and 4) any alternative measures that might be taken that are less than drastic than dismissal. Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir. 1990)

_____

Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

In this case, the plaintiff has failed to comply with multiple orders that have been entered by this court. Each of those orders included an explicit warning that a recommendation of dismissal would result if Mrs. Thompson did not obey the order. In the Order of September 5, 2007 (#8), Mrs. Thompson was advised by the undersigned she and her husband were responsible for compliance with all deadlines, responding to discovery requests, participating in conferences and ultimately in moving the case forward. She was further advised that failure to follow the rules and obey the court's orders or participate in discovery could result in the dismissal of the action with prejudice. Despite having received this direction, Mrs. Thompson failed to comply with the Pretrial Order and Case Management Plan by failing to make the disclosures as required by Rule 26 of the Federal Rules of Civil Procedure and further, violated the Order by failing to respond to discovery. Mrs. Thompson was further ordered on November 15, 2007 to provide the defendant with the required initial disclosures and to answer defendant's first set of discovery. (#12) She was warned specifically in bold letters in the Order (#12) that her failure to fully comply with the Order by November 26, 2007 would result in the imposition of sanctions which may include but may not be limited to a recommendation to the district court that the action be dismissed with prejudice. In the Order (#14) of the undersigned issued on November 30, 2007, Mrs. Thompson was ordered to personally appear on December 6, 2007 so she could be heard as to whether or not the undersigned would recommend dismissal of the case. This Order (#14) also contained an explicit warning that the claims of Mrs. Thompson could be lost. Again, Mrs. Thompson

failed to respond or appear. Lastly, on March 21, 2008 this court issued an Order (#25) allowing the defendant's Motion to Compel and giving Mrs. Thompson another explicit warning that if she failed to comply with the Order and to otherwise fully participate in discovery in the prosecution of her claim, her inaction would result in a recommendation being entered against her that her complaint be dismissed. Mrs. Thompson again did not comply with either the Order or the explicit warning contained therein.

Having established that Mrs. Thompson has received numerous explicit warnings that her failure to comply with the orders of the court would result in a recommendation of dismissal, the undersigned will now consider the four factors that the Fourth Circuit has directed the court to consider. First, the record shows that in regard to the degree of personal responsibility borne by Mrs. Thompson as plaintiff in this case that she has one hundred percent of the responsibility for the delay and the violations of the orders of the court. Mrs. Thompson has represented herself in this matter. She is the party who has refused to comply with the Federal Rules of Civil Procedure, the Local Rules and the repeated Orders of this court.

The undersigned has considered the amount of prejudice to the defendant caused by the delay and finds that Mrs. Thompson's failure to comply with the Orders of the court, her failures to prosecute this action, and her failure to comply with the Rules of Civil Procedure have caused significant prejudice to the defendant. This case has been unduly delayed. The defendant has been required to file multiple motions as a result of Mrs. Thompson's failure to participate in discovery and her

failure to comply with the Orders of this court. The defendant has filed two Motions to Compel. The defendant has filed two motions to extend discovery deadlines in order to defend itself in this matter. The time for discovery completion expired on April 1, 2008 and Mrs. Thompson has not provided any discovery whatsoever. The automobile accident that resulted in the alleged injuries and purported cause of action of Mrs. Thompson occurred almost four years previous to the date of the entry of this order. In a case where there was a similar period of delay, Chief Judge Robert Conrad stated, "memories fade and witnesses become unavailable. Given that the relevant events occurred almost three and one-half years ago, the court believes that it certainly may be presumed that the defendant would likely suffer actual prejudice caused by the delay if this case were to continue." Medlin v. Trull, 2006 W.L. 435941 (W.D.N.C.)[2] This undersigned finds this factor weighs in favor of granting the defendant's motion.

Thirdly, the undersigned further finds there is a history of the plaintiff Janice Ann Thompson deliberately proceeding in a dilatory fashion in this case. As is referenced above, Mrs. Thompson has consistently failed and refused to prosecute this matter. Mrs. Thompson has further failed to comply with the Federal Rules of Civil Procedure and has failed to comply with multiple Orders of the court in this matter. This factor is weighed in factor of a recommendation that Mrs. Thompson's complaint be dismissed.

---

[2] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

Finally, the undersigned has considered the effectiveness of sanctions that are less drastic than dismissal. Other sanctions that have been considered are whether or not certain facts should be taken as established for the purpose of the action or the denial of the right of Mrs. Thompson to support her claims and striking the pleadings. Due to Mrs. Thompson's refusal to participate in this case despite numerous and explicit warnings of this court that a recommendation of dismissal would result from her failure to obey the Orders of the court, it is the opinion of the undersigned that the only sanction available is a recommendation this matter be dismissed. This court has tried a number of approaches and now knows of no other method other than dismissal to enforce the court's Orders.

Based upon the foregoing, the undersigned will recommend to the district court that such motion be allowed and this action be dismissed with prejudice as to all claims asserted by plaintiff Janice Ann Thompson herein.

## III. Terry Lee Thompson's Motion for Mental Examination of Janice Ann Thompson

### A. Applicable Standard

Under Rule 35, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate. Guildford National Bank of Greensboro v. Southern Railway Company, 297 F.2d 921 (4th Cir. 1962)

### B. Failure to comply with Local Rules

On April 14, 2008, the plaintiff Terry Lee Thompson filed a pleading entitled

"Plaintiff Terry Lee Thompson's Motions: For Mental Examination or For Leave for Plaintiffs to Take a Voluntary Dismissal Without Prejudice; and Response to Defendants' Motion to Dismiss". (#30) The motions of Mr. Thompson are in violation of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina. Mr. Thompson did not file with his motion a brief as required by LCvR 7.1(C). On May 12, 2008, well outside of the time limits set by LCvR 7.1(E), Mr. Thompson did file a pleading entitled "Plaintiff Terry Lee Thompson's Memorandum in Opposition to Defendant Covenant Transport's Memorandum and Memorandum of Law". (#33) Mr. Thompson's motions would thus be subject to summary dismissal. However, the undersigned will address the motions in order to assist the district court in this matter.

### C. Mental Examination - Rule 35 of the Federal Rules of Civil Procedure

Rule 35 of the Federal Rules of Civil Procedure states:

(a) Order for an Examination.
   (1) In General. The court where the action is pending may order a party whose mental or physical condition – including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

   (2) Motion and Notice; Contents of the Order.
   The order:

   (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

   (B) must specify the time, place, manner, conditions, and

scope of the examination, as well as the person or persons who will perform it.

Under Rule 35 the invasion of a person's privacy by a mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate. The Gilford National Bank of Greensboro v. Southern Railway Company, 297 F.2d 921 (4th Cir. 1962)

In determining whether plaintiff Terry Lee Thompson has shown good cause for a mental examination for his wife, Janice Ann Thompson, the court has considered that at the hearing on December 6, 2007, Mr. Thompson contended to the undersigned that the plaintiff Janice Ann Thompson was suffering from a mental disease or defect. Mr. Thompson's counsel stated that it was his intent to file a state proceeding to determine if Mrs. Thompson was mentally competent. This court then entered an Order staying Mrs. Thompson's compliance with an Order compelling her to make discovery pending a determination by a state court of Mrs. Thompson's competence. On December 20, 2007, Mr. Thompson filed a Petition for Adjudication of Incompetence and Application for Appointment of Guardian on behalf of his wife, Janice Ann Thompson, with the Superior Court of Henderson County, North Carolina. On February 4, 2008, pursuant to advise of the court appointed guardian *ad litem,* Mr. Thompson dismissed the competency proceeding. This dismissal by Mr. Thompson is significant. Based upon the undersigned's practice in the courts of the state of North Carolina for over twenty-eight years, a state court dismissal of a competency proceeding based upon a recommendation from the respondent's guardian *ad litem* is indicative of only one thing: the respondent is competent. See

N.C.Gen.Stat. § 35A-1104. In the affidavit of the guardian *ad litem* filed with the plaintiff Terry Lee Thompson's motion, the guardian *ad litem* avers she worked as a registered nurse in Missouri for 18 years, is now an attorney licensed to practice law in North Carolina since 2001 and now practices law in the area of elder law. (#3o, P-10) She met with Mrs. Thompson on January 30, 2008 for approximately two hours and found that Mrs. Thompson was cordial, alert, oriented and appropriated dressed. (#30, P-10) The guardian further found that Mrs. Thompson had been attending classes and had been seeking employment at Mission Hospital in Asheville, North Carolina as a "RN," (#30, P-10) The court considers the letters "RN" to mean as a registered nurse. The guardian *ad litem* reported to counsel for Terry Lee Thompson that based upon her visit and conversation with Mrs. Thompson she was going to recommend a finding to the state court that there was no clear or convincing evidence that Janice Ann Thompson lacked capacity to manage her affairs. (#30, P-10) These facts support the conclusion that Mrs. Thompson is competent and show there is not good cause for the granting of the order for examination.

The guardian *ad litem* further avers that after this court entered the Order (#25) ordering Mrs. Thompson to provide discovery by March 21, 2008 the guardian *ad litem* had a conversation with counsel for Mr. Thompson and after discussing the matter with plaintiff's counsel, the guardian *ad litem* has now changed her opinion. The guardian *ad litem* stated: "I have concerns that perhaps I missed a capacity issue with her when I met with her. Perhaps she is able to conduct day-to-day activities and even be employed as an RN but yet has some cognitive problem in understanding the

litigation process and in fully participating in it." (#30, P-11)   The affidavit of the guardian *ad litem* does not show any basis for a change of opinion other than the conversation with counsel for Mr. Thompson.  It specifically does not show any further contact that the guardian *ad litem* had with Mrs. Thompson.  The guardian *ad litem* did attempt to call Mrs. Thompson on two separate occasions between March 25th and March 28th and left messages to which Mrs. Thompson did not respond. This court cannot find that the change of opinion by the guardian *ad litem* is based upon good cause.   It appears the guardian *ad litem* is still of the opinion that Mrs. Thompson is able to conduct day-to-day activities and be employed as a registered nurse.(#30, P-11)  It is the opinion of this court that a person who is capable of being employed in such a capacity should be considered as having full competency to manage their own affairs.  The job of an RN requires that person to manage the medical care of another human being and thus would  be a person having full mental capacity.

From the pleadings in this matter, it appears Mr. Thompson is of the opinion that due to Mrs. Thompson's failure to participate in this case to obtain a recovery for her personal injuries, that as a result, Mrs. Thompson has to be considered  mentally incompetent.   In a nutshell, Mr. Thompson believes that if Mrs. Thompson is not interested in pursuing her complaint to recovery money damages from the defendant, she must be incompetent.  The undersigned does not find such to be true. When the undersigned was active as a trial attorney representing plaintiffs who were seeking recovery for personal injuries, the undersigned regularly encountered injured persons

who, due to moral considerations, religious convictions, or even a distaste for participation in court proceedings, did not desire to proceed in a court action to obtain a recovery for the damages they had suffered. One of the inquires an attorney usually makes of potential jurors in a personal injury matter is to question if the juror has a problem with the system of justice which allows injured parties to file an action and to seek recovery of a money judgment for those damages. It is not unusual to find jurors that do not believe in or support the law which allow injured persons to file such civil actions. The quote of Mrs. Thompson that she was "just going to let the Lord take care of it" is entirely consistent with a person having such beliefs. (#30, P-3) A person who has such beliefs is not, as a result thereof, incompetent. Nor does the existence of such beliefs in the mind of a person show good cause to order that a mental examination be made of such a person.

The motion of the plaintiff Terry Lee Thompson is further defective in that it does not comply with Rule 35(a)(2)(B). The motion does not specify the time, place, manner, or conditions or scope of the examination nor does it identify the person or persons who will perform the examination. The motion does not address the question of which party would pay for the cost and expense of the examination. The only request by Mr. Thompson is that the court order Mrs. Thompson to undergo a "mental examination by an appropriate neuro-psychologist or other suitable professional". The motion is thus in direct violation of the express provisions of the Rule.

Further grounds for denying the motion for examination is the late filing of the motion. As stated previously, the accident which resulted in injuries to the plaintiff

Janice Ann Thompson occurred on June 29, 2004. The complaint in this matter was filed on June 22, 2007. The time for completion of discovery expired in this matter on April 1, 2008. Neither plaintiff has filed any motion to extend the time for the completion of discovery. An examination of Mrs. Thompson could have been made at any time, even prior to the filing of the complaint in this matter. It is now too late to take care of matters that could have well been taken care of years ago.

As a result of the foregoing, the undersigned will recommend to the district court that the motion of Terry Lee Thompson for a mental examination of the plaintiff Janice Ann Thompson, pursuant to Rule 35(a) of the Federal Rules of Civil Procedure be denied.

## IV. Motion to Dismiss Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure

### A. Applicable Standard

The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will not ordinarily be reversed except for an abuse of discretion. <u>Davis v. USX Corporation</u>, 819 F.2d 1270 (4th Cir. 1987)

### B. Violation of Local Rules

On May 12, 2008, the plaintiff Terry Lee Thompson filed a document entitled "Plaintiff Terry Lee Thompson's, Memorandum in Opposition to Defendant Covenant Transport's Memorandum of Law". (#33) In the pleading, Mr. Thompson states it is "in rebuttal to defendants Memorandum of Law dated 03 April 2008 and Memorandum dated 21 April, 2008". Mr. Thompson's filing, whether it is

considered as a response to a motion or as a reply to a motion, is in violation of LCvR

7.1(E). To assist the district court, the undersigned has examined the filing and the

two cases that are referenced in the pleading.

### C. Involuntary Dismissal - Rule 41(a)(2)

The Fourth Circuit Court of Appeals has provided instructions in regard to the

consideration of a motion for voluntary dismissal.

> In considering a motion for voluntary dismissal, a district court must
> focus primarily on protecting the interests of the defendant, and the
> court may deny the motion if the defendant would be unfairly
> prejudiced. Id.; see Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th
> Cir. 1986). The expenses of discovery and preparation of a motion for
> summary judgment may constitute prejudice sufficient to support denial
> of a voluntary dismissal. Andes, 788 F.2d at 1036-37. Accordingly, we
> have noted that "denial of voluntary dismissal is appropriate where
> summary judgment is imminent." Davis, 819 F.2d at 1274 (citing Pace
> v. Southern Express Agency, 409 F.2d 331, 334 (7th Cir. 1969)); see also
> id. at 1277 (voluntary dismissal without prejudice improper with respect
> to claims "faced with imminent adverse determination in a federal
> action.") (Phillips, J. dissenting); FN2 Armstrong v. Frostie Co., 453 F.2d
> 914, 916 (4th Cir. 1971) (dismissal under 41(a)(2) would have been
> properly denied where defendant had already moved for summary
> judgment). Skinner v. First American Bank of Virginia, 64 F.3d 659,
> 1995 WL 507264 (4th Cir. 1995) [3]

In this case, the defendant has expended significant time in attempting to obtain

discovery in this case. The plaintiff Janice Ann Thompson has excessively delayed

this case and she has demonstrated a complete lack of diligence in prosecuting her

claims. Janice Ann Thompson has not provided any explanation for the need for a

---

[3] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

dismissal. Indeed, it is not she that has moved for a voluntary dismissal without prejudice but it is her husband, Terry Lee Thompson who has made such a motion. Mr. Thompson does not have standing to apply for relief on the part of Mrs. Thompson. The motion for voluntary dismissal, at least in regard to the claims of Janice Ann Thompson, has come at a time when she is faced with an imminent adverse determination of this action.

In regard to the claims of Terry Lee Thompson, there was one contention that Mr. Thompson was dilatory in answering discovery, however, no other motions have been filed. A motion to dismiss the claims of Mr. Thompson is not subject to any type of motion to dismiss or any motion for summary judgment. Mr. Thompson can request that his claim for loss of consortium be dismissed. However, Mr. Thompson, in seeking a dismissal without prejudice, may be precluding himself from going forward with his action. In a diversity action, federal courts must apply the law of the forum state, including its own choice of law rules. In tort actions, North Carolina courts have adhered to the rule of lex loci and apply the substantive laws of the state in which the injuries were sustained. In matters of procedures, North Carolina courts apply the rules of lex fori and adhere to the procedural rules of the forum state. Eagle Nation, Inc. v. Market Force, Inc., 180 F.Supp. 2d 752 (E.D.N.C., 2001) In North Carolina a spouse may maintain a cause of action for loss of consortium due to negligent actions of third parties so long as that action for loss of consortium is joined with any suit the other spouse may have instituted to recover for his or her personal injuries. Nicholson v. Hugh Chatham Memorial Hospital, Inc., 300 N.C. 295 (1980) By seeking a dismissal, Mr. Thompson may be precluding himself from going

forward with his claim. But that will be an issue to be decided on another day.

It will be recommended to the district court that the motion of the plaintiff Terry Lee Thompson to dismiss without prejudice the claims of Janice Ann Thompson be denied and the dismissal without prejudice as to claims of himself be allowed.

## V. Defendant Covenant Transport, Inc. Motion to Extend the Expert Witness and Discovery Completion Deadline.

### A. Defendant's Motion to Extend the Expert Witness and Discovery Completion Deadline.

On April 21, 2008, the defendant filed a motion requesting that the court extend the expert witness and discovery completion deadlines. The reasons set forth was the failure of the plaintiff Janice Ann Thompson to participate in discovery. The defendant asserted in the motion that due to Mrs. Thompson's failure to comply with the discovery process that the defendant had been unable to prepare a proper defense. Due to the recommendations made herein, the court will recommend that the defendant's motion be denied without prejudice as moot.

## VI. Jackie Leonard Granger, Defendant

### A. Jackie Leonard Granger

An examination of the file does not show any service of a complaint or summons in this matter being made at any time upon the defendant Jackie Leonard Granger. This defendant has not filed an answer or made any appearance in this matter. Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

If service of the summons and complaint is not made upon a defendant

within 120 days after the filing of the complaint, the court, upon motion or on its initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be affected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The undersigned would recommend to the district court that this Memorandum and Recommendation be considered as notice to the plaintiffs of the recommendation of the undersigned that the district court dismiss the action against Jackie Leonard Granger without prejudice, subject to the plaintiffs showing good cause for the failure to obtain service upon said defendant.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Covenant Transport, Inc.'s Motion to Dismiss(#28) be **ALLOWED,** and that the claims of **JANICE ANN THOMPSON** asserted herein be **DISMISSED WITH PREJUDICE** as to that defendant. It is further **RECOMMENDED** that the plaintiff **TERRY LEE THOMPSON'S** Motion for Mental Examination (#30) of Mrs. Thompson be **DENIED.** It is further recommended that the plaintiff Terry Lee Thompson's Motion for Leave for Plaintiffs to Take a Voluntary Dismissal Without Prejudice (#30) be **DENIED** as to the claims of Janice Ann Thompson and **ALLOWED** as to the claims of Terry Lee Thompson and that such dismissal as to Terry Lee Thompson be without prejudice. It is further **RECOMMENDED** that Covenant Transport, Inc.'s Motion to Extend the Expert Witness and Discovery Completion Deadline (#31) be **DENIED** without prejudice as moot.

**AND FINALLY, IT IS RECOMMENDED** that this Memorandum and Recommendation be considered as notice to the plaintiffs that the undersigned recommends to the district court that the action as to the defendant Jackie Leonard Granger be **DISMISSED** without prejudice or that the plaintiffs be ordered to show good cause for their failure to serve the defendant Jackie Leonard Granger with the summons and complaint in this matter.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten (10)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 21, 2008

Dennis L. Howell
United States Magistrate Judge