**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:07CV275**

| | |
|---|---|
| **JANICE ANN THOMPSON, and** ) | |
| **husband, TERRY LEE THOMPSON,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **Vs.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **COVENANT TRANSPORT, INC., and** ) | |
| **JACKIE LEONARD GRANGER,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Janice Thompson's

timely filed objections to the Memorandum and Recommendation filed by

the Magistrate Judge on May 22, 2008.[1]  Plaintiff Terry Thompson and

Defendants have filed no objections to the Amended Memorandum and

Recommendation and the time for filing has expired.[2]

---

[1] Plaintiff's objections specifically referenced the Memorandum and Recommendation filed May 22, 2008.  However, since her objections were filed after the Amended Memorandum and Recommendation was issued, the Court will consider her objections to be directed to the Amended Memorandum and Recommendation.

[2] The Magistrate Judge provided a thorough recitation of the facts pertinent to the motions herein.  ***See* Memorandum and**

## I.  BACKGROUND

Plaintiffs Janice and Terry Thompson filed a complaint on June 23, 2007, in the Superior Court of Buncombe County, North Carolina, seeking damages for personal injury for Janice Thompson and damages for loss of consortium for Terry Thompson.  The claims arose from allegations of the negligent actions of Defendant Covenant Transport and Covenant Transport employee Jackie Leonard Granger, that resulted in an automobile accident on June 29, 2004.  ***See* Exhibit 1, Complaint, *attached to* Notice of Removal, filed August 8, 2007**.  Although Granger was named as a Defendant, Plaintiff has filed nothing to indicate he was served with the summons and complaint in this case; therefore, all references to Defendants will concern only Covenant Transport unless otherwise stated.

On August 8, 2007, Defendant Covenant Transport ("Covenant") removed the state court action to this Court based on diversity of

---

**Recommendation, filed May 22, 2008; Amended Memorandum and Recommendation, filed May 29, 2008.**  Accordingly, the Court hereby incorporates that portion of the Amended Memorandum and Recommendation by reference and will recite only the facts necessary for resolution of the matters currently before the Court.

citizenship. **Notice of Removal,** *supra*; *see also* **28 U.S.C. §§ 1332 and 1441(a).** Attorney for Plaintiffs in the state court action, Ron L. Moore, was allowed to withdraw the day before the case was removed to this Court by order of North Carolina Superior Court Judge James U. Downs. ***See* Notice to Withdraw as Attorney for Plaintiffs, filed August 23, 2007.** Covenant filed an answer to the complaint on August 15, 2007. That same day, the Clerk entered a notice pursuant to LCvR 16.1 which 1) required the parties to conduct an Initial Attorney's Conference within 14 days of receipt of the Notice, and 2) to file the Certificate of Initial Attorney's Conference within 5 days of the conclusion of the conference. **Notice pursuant to LCvR 16.1, filed August 15, 2007.**

On September 5, 2007, Covenant filed a motion requesting the Court enter an order compelling the Plaintiffs to attend a discovery scheduling conference. According to the motion, Covenant sent a letter to Plaintiffs on August 15, 2007, that included a proposed discovery plan and informed them of the requirement that a discovery conference be held. ***See* Exhibit 2, August 15, 2007, Letter to Plaintiffs,** *attached to* **Defendant's Motion to Set Discovery Scheduling Conference, filed September 5, 2007.** Receiving no response to its letter, Covenant called Mrs. Thompson and

left a voice mail message.  **Defendant's Motion, at 2.**  On August 29,

2007, Mrs. Thompson returned the call and left a voice message for

Covenant's counsel, Jessica C. Tyndall.

> Ms. Tyndall this is Janice Thompson calling. . . .  I just wanted
> to leave you a message today so that we can say that we
> communicated. . . .  I am not interested in a magistrate
> selection so there's no point in going anywhere with that.  I am
> not going to discuss anything about evidence or anything else
> with you. . . .  That's for an attorney to do.  And as you know, I
> am seeking a new attorney. . . .  I'd prefer that you not call me
> anymore and you just contact me by mail if you would like to
> communicate with me from this point forward.  Okay?  Thank
> you and I hope you have a good day.

**Exhibit 3, Transcription of Voice Mail received from Janice**

**Thompson, *attached to* Defendant's Motion.**  When no response was

filed by either Plaintiff to the Defendant's motion, and after the time for

filing such response had expired, the Magistrate Judge entered a pretrial

order adopting Covenant's unopposed discovery plan.  **Pretrial Order and**

**Case Management Plan, filed September 11, 2007.**  By separate order,

the Magistrate Judge relieved the parties of the duty to consult as required

by the Local Rules until Plaintiffs obtained new counsel and advised

Plaintiffs that they were "responsible for compliance with all deadlines,

responding to discovery requests, participating in conferences, and

ultimately in moving this case forward."  **Order, filed September 6, 2007,**

**at 2.** Plaintiffs were also admonished that "failure to follow rules, obey Court orders, or participate in discovery could result in the dismissal of this action with prejudice or other sanctions" and were strongly encouraged to retain substitute counsel. **_Id._**

On October 23, 2007, Covenant filed a motion to compel Plaintiffs to participate in discovery. In support of the motion, Covenant attached several letters Defendant's counsel had mailed to Plaintiffs regarding the discovery orders and relevant deadlines. According to Covenant's motion, Plaintiffs failed to respond in any way to Defendant's letters. **_See_ Exhibits 3, 4, 5, and 6, Letters to Thompsons, _attached to_ Defendant's Motion to Compel, filed October 23, 2007.** After the time for filing response had expired and none had been filed by the Plaintiffs, the Magistrate Judge granted the Defendant's motion and ordered the Plaintiffs to provide the Defendant "with the required initial disclosures and fully answer . . . defendant's first set of discovery not later than November 26, 2007." **Order, filed November 15, 2007, at 2.** The Magistrate Judge also repeated the admonishments from the September 6, 2007, Order:

> Plaintiffs, who are proceeding _pro se_, are advised that they are
> responsible for compliance with all deadlines, responding to
> discovery requests, participating in conferences, and ultimately
> in moving this case forward. Because failure to follow rules,

> obey Court orders, or participate in discovery could result in the
> dismissal of this action with prejudice or other sanctions, they
> are strongly encouraged to retain substitute counsel.

*Id.*  The Magistrate Judge further concluded that "[d]espite such cautionary advice, plaintiffs have failed to respond to [Covenant's] properly propounded discovery requests, propound initial disclosures as required by this court's Pretrial Order, or respond in any manner to the Motion to Compel." *Id.*  In addition, the following boldly highlighted admonition was included in the Magistrate Judge's Order:

> **Failure to fully comply with this Order by such date will
> result in the imposition of sanctions, which may include
> but may not be limited to a recommendation to the district
> court that this action be dismissed with prejudice.**

*Id*. **at 2.**

Thereafter, Plaintiff Terry Thompson submitted a letter to the Magistrate Judge in an effort to explain Plaintiffs' lack of compliance with discovery or the Court's orders.  ***See* Letter from Terry Lee Thompson, filed November 27, 2007.**  In his letter, Terry Thompson explained he and Janice Thompson had been separated for several months and that he had not received any of the discovery documents from Covenant.  He advised that he had not received the Court's previous order until Mrs. Thompson provided him with a copy the previous weekend and told him to "handle it."

*Id*.  Mr. Thompson requested that he be provided another opportunity to comply with discovery and that the case not be dismissed "since I now know what has happened I can take appropriate action."  *Id*.  The Magistrate Judge construed Mr. Thompson's letter as a motion to reconsider and ordered both Plaintiffs as well as Defendant's counsel to appear for a hearing on December 6, 2007, "to determine whether to recommend the summary dismissal of this action."  **Order, filed November 30, 2007, at 1-2**.  On December 6, 2007, Mr. Thompson attended the hearing with his attorney Ron L. Moore; neither Mrs. Thompson nor any one on her behalf attended the hearing.

On December 10, 2007, Covenant filed a motion for attorneys' fees and costs associated with the motion to compel filed October 23, 2007, and the hearing of December 6, 2007.  **Defendant's Motion for Attorney's Fees and Costs, filed December 10, 2007.**  The Magistrate Judge stayed any ruling on the Defendant's motion until such time as the Plaintiffs could be heard "at the conclusion of trial or other resolution of this matter other than settlement."  **Order, filed January 4, 2008, at 2.**  His reason for doing so resulted from the fact that during the December 6, 2007, hearing, Terry Thompson disclosed that he had filed a proceeding in

state court to determine the competence of Janice Thompson.  The Magistrate Judge determined that Janice Thompson's compliance with his order compelling discovery would be stayed pending the state court's determination of that issue and directed that her state guardian ad litem file a report with the Court.  *Id*. **at 1.**

On February 26, 2008, Covenant filed a second motion to compel discovery from Mrs. Thompson.  **Defendant's Motion to Compel, filed February 26, 2008.**  In the motion, Covenant acknowledged that Plaintiff Terry Thompson, through his attorney, had served his initial disclosures and responses to Covenant's first set of discovery requests, but that through the date of the motion, Mrs. Thompson had made no further contact with the Defendant since her voice mail message to co-counsel Jessica Tyndall on August 29, 2007.  *Id*. **at 7.**  The motion further stated that the competency proceedings filed by Terry Thompson had been voluntarily dismissed following a recommendation by the guardian ad litem. *Id*. **at 8;** *see also* **Exhibit 7, Notice of Voluntary Dismissal, filed February 5, 2008,** *attached to* **Defendant's Motion.**

On March 21, 2008, the Magistrate Judge entered an order granting Covenant's second motion to compel after the time for filing response had

expired and the Plaintiffs had failed to file a response to the motion. ***See***

**Order, filed March 21, 2008.** The Magistrate Judge determined that "from

suggestion made upon the record that a court of competent jurisdiction has

determined that Janice Ann Thompson is competent to handle her own

affairs, [the Court] will, in deference to the state court and giving such

decision full faith and credit, treat Mrs. Thompson as a person capable and

responsible for handling her own affairs." ***Id.* at 1-2.** The Magistrate Judge

ordered Mrs. Thompson to respond to Covenant's discovery requests no

later than March 31, 2008, and clearly advised and warned Mrs. Thompson

that her failure "to fully comply with this Order or otherwise fully participate

in discovery and the prosecution of her claim **WILL** result in a

recommendation" that her case be dismissed. ***Id.* at 2-3.**[3] The March 31,

2008, deadline passed without Mrs. Thompson demonstrating any

evidence of compliance with the Order.

On April 3, 2008, Covenant filed a motion to dismiss contending that

Mrs. Thompson had not complied with any discovery requests since first

---

[3] The Court notes that this second motion to compel was filed nearly eight months after the case was removed from state court and over four months after the first order was filed compelling Mrs. Thompson to participate in discovery.

propounded in September 2007. **Defendant's Motion to Dismiss, filed April 3, 2008, at 8.** Covenant also observed that Mrs. Thompson had "been warned on numerous occasions that failure to participate in discovery and prosecute her claims could result in the dismissal of her case. [She was also] advised by [Defendant's] counsel, [her] former counsel, the Court, and her former guardian *ad litem* to secure legal representation. Mrs. Thompson has failed to heed this advice." *Id.* Covenant argued for dismissal of all of Mrs. Thompson's claims based on her failure "to prosecute her claims, abide by the rules of civil procedure, or follow the Court's orders." *Id.* **(citing Fed. R. Civ. P. 41(b)).**

In response to Covenant's motion to dismiss, Terry Thompson filed a motion requesting the Court order Mrs. Thompson to undergo a mental examination or, in the alternative, permit the Plaintiffs to take a voluntary dismissal without prejudice. **Plaintiff Terry Lee Thompson's Motions: for Mental Examination or for Leave for Plaintiffs to take Voluntary Dismissal without Prejudice, filed April 14, 2008.** Mr. Thompson alleged that due to Janice's diminished mental ability as a result of her injuries, she had failed to make their mortgage payments and foreclosure of their home was pending; that her guardian ad litem was having second

thoughts as to her competency; and that her traumatic brain injury had caused her to be incapable of understanding or appreciating the nature and consequences of her actions. **Id. at 2-3; *see also* Exhibit B, Affidavit of Cathie St. John-Ritzen, *attached to* Plaintiff Terry Thompson's Motion, at 3 (guardian ad litem's opinion that "perhaps I missed a capacity issue with her when I met with her. Perhaps she is able to conduct day-to-day activities and even be employed as an RN but yet have some cognitive problem in understanding the litigation process and in fully participating in it.").** Defendant opposed the relief sought by Plaintiffs stating, among other things, that the motion was untimely. **Defendant's Memorandum in Opposition, filed April 21, 2008, at 5.**

On May 12, 2008, Terry Thompson responded to Covenant's motion to dismiss, acknowledging he did "not dispute the statement of the case as outlined and set forth [by Defendant]." **Plaintiff Terry Thompson's Memorandum in Opposition to Defendant's Motion to Dismiss, filed May 12, 2008, at 1.** He again requested the Court issue an order requiring Mrs. Thompson undergo a mental examination or dismiss the Plaintiffs' action without prejudice. **Id. at 3.**

The Magistrate Judge issued an Amended Memorandum and Recommendation on May 29, 2008, recommending, *inter alia*, that the Defendant's motion to dismiss be granted as to the Plaintiff Janice Thompson and her claims dismissed with prejudice and the claims of Terry Thompson be dismissed without prejudice. **Amended Memorandum and Recommendation, filed May 29, 2008, at 22-23.** The parties were afforded 10 days in which to file objections to the Magistrate Judge's recommendations.

On May 30, 2008, nearly ten months after this case was removed from state court, an attorney filed an appearance on Mrs. Thompson's behalf along with a motion for reconsideration of the Magistrate Judge's findings contained in the Memorandum and Recommendation. ***See* Notice of Appearance by W. Perry Fisher II, filed May 30, 2008; Plaintiff Janice Thompson's Motion for Reconsideration, filed May 30, 2008.** Although the motion for reconsideration concedes that Mrs. Thompson's actions caused the delays at issue, she further contends she lacked the requisite mental capacity "to appreciate her actions and the Court's orders." ***Id.* at 5**. Additionally on June 2, 2008, Mrs. Thompson filed a single objection to the "Memorandum and Recommendation . . . dated May

21, 2008," stating she objected to the Magistrate Judge's recommendation that her case be dismissed with prejudice, but in the alternative, if the Court was "inclined to dismiss [the complaint] that such dismissal be without prejudice" so as to allow her to refile the action with the assistance of newly obtained counsel. **Plaintiff Janice Ann Thompson 's Objection to Magistrate's Memorandum and Recommendation, filed June 2, 2008, at 1; Plaintiff's Memorandum in Support of her Objection, filed June 2, 2008, at 8.**

By Order filed June 5, 2008, the undersigned stayed the time for filing objections to the Amended Memorandum and Recommendation until the Magistrate Judge had an opportunity to rule on Plaintiff's motion to reconsider. **Order, filed June 5, 2008.** The Magistrate Judge held an evidentiary hearing on the motion for reconsideration on July 11, 2008, where Mrs. Thompson, along with counsel, made her first appearance before the Court. Mr. Thompson and his attorney and Defendant's counsel were also present at the hearing. ***See* Order, filed July 23, 2008; Transcript of Motion Hearing, filed August 12, 2008.** In his meticulous and well-reasoned memorandum, the Magistrate Judge summarized the evidence and testimony presented at the hearing, discussed the Plaintiff's

arguments in her motion for reconsideration, and recorded his findings of fact on which he based his decision affirming the Amended Memorandum and Recommendation. *See* **Order,** *supra.* He further advised respective counsel that they had 10 days from entry of the Order to file specific written objections to the Amended Memorandum and Recommendation. *Id.* **at 16.** No party filed additional objections; therefore, the only objection before the undersigned for consideration is that filed by Mrs. Thompson on June 3, 2008.

## II. STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within 10 days after being served with a copy thereof. *See* **28 U.S.C. § 636(b)(1)**. "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C. 1997);** *see also, Battle v. United States Parole Comm'n***, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections

need not be considered by the district court." *Id.* "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." **Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Jones v. Hamidullah, 2005 WL 3298966, at \*3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in the waiver of appellate review. **Tyler v. Beinor, 81 F. App'x 445, 446 (4ᵗʰ Cir. 2003); United States v. Woods, 64 F. App'x 398, 399 (4ᵗʰ Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond***

*v. Colonial Life & Accident Ins. Co.*, **416 F.3d 310, 315 (4th Cir. 2005),**

***cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72,**

**Advisory Committee note).**


### III.  DISCUSSION

The Magistrate Judge recommended that 1) Covenant's motion to
dismiss Mrs. Thompson's claim with prejudice be allowed; 2) Plaintiff Terry
Thompson's motion for mental examination of Mrs. Thompson be denied;
3) Plaintiff Terry Thompson's motion to dismiss Plaintiffs' complaint without
prejudice be denied; 4) Mr. Thompson's motion to dismiss without
prejudice his derivative claim for damages for loss of consortium be
allowed; 5) Covenant's motion to extend the expert witness and discovery
deadline be denied without prejudice as moot; and 6) that the action
against Defendant Jackie Granger be dismissed without prejudice.
**Amended Memorandum and Recommendation,** *supra*, **at 21-23**.

The second, third, fourth, fifth, and sixth recommendations are not
the subject of an objection filed by any party.  The Court has conducted a
careful review of those recommendations and concludes that the proposed
findings of fact are supported by the record and the proposed conclusions

of law are consistent with current case law.  Accordingly, the Court hereby accepts the Magistrate Judge's Recommendations two through six, as set out above.

Plaintiff Janice Thompson, while proceeding *pro se*, filed no motion in opposition to Covenant's motion to dismiss.[4]  After the issuance of the Amended Memorandum and Recommendation, Mrs. Thompson's new attorney filed an appearance in this case along with a motion for reconsideration and objections to the initial Memorandum and Recommendation with supporting brief.  Plaintiff Janice Thompson objects to the Magistrate Judge's recommendation that her claim be dismissed with prejudice, stating that her traumatic brain injury suffered as a result of the automobile accident with Defendants left her "unable to fully appreciate the requirements and procedures of prosecuting a case in the Federal Court System."  **Plaintiff's Memorandum in Support of Objection, at 3.** Counsel states he "is aware and has explained to Ms. Thompson that merely proceeding *pro se* does not warrant additional leeway in following procedures and adhering to Court mandates; however, the injuries

---

[4] The Court finds that at all times throughout the history of this case, Judge Howell has carefully cautioned Mrs. Thompson in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

sustained by Plaintiff and the resulting effect on Plaintiff's mental capacity warrants additional special consideration." *Id.* Plaintiff also argues she was in the process of undergoing a divorce during the pendency of this suit and contends this likewise adversely impacted her ability to prosecute her claims here. *Id.*

The Magistrate Judge recommended the Defendant's motion to dismiss Mrs. Thompson's claim be allowed pursuant to Federal Rule of Civil Procedure 41(b).

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

**Fed. R. Civ. P. 41(b).** In recommending involuntary dismissal, the Magistrate Judge carefully examined the factors that must be considered in such circumstances. ***See Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171 (4th Cir. 1990).** In *Hillig*, the Fourth Circuit held that a trial court must "consider four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out

history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* at 174; *see Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977) (finding that the district court has discretion to dismiss an action if a party fails to follow court orders regarding discovery); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." (citing Fed. R. Civ. P. 41(b)).

Mrs. Thompson asks the Court's "further indulgence" and to excuse her failure to prosecute her claims due to her "inability to function on a level necessary to appreciate her actions and the Court's orders." **Plaintiff's Memorandum in Support of Objection**, *supra*, at 3, 5. Therefore, the undersigned will review *de novo* the Magistrate Judge's determination of this issue of mental capacity.[5]  The Court concludes that

---

[5] As noted above, Plaintiff was advised that she had 10 days to file objections to the Amended Memorandum and Recommendation following the entry of the Magistrate Judge's July 23, 2008, Order, yet Plaintiff filed no additional objection.  Her only objection is that her lawsuit should not be dismissed due to the fact that her brain injury and resulting lack of requisite

the remainder of Plaintiff's Memorandum contains only general or conclusory objections to the Magistrate Judge's findings on the second, third, and fourth *Hillig* factors. Accordingly, the Court has reviewed the record for clear error and concludes that the Magistrate Judge did not err in his examination or recommendation concerning these factors.

During the hearing on Plaintiff's motion for reconsideration, Plaintiff Janice Thompson and five additional witnesses testified. **Transcript of Motion Hearing,** *supra*. Evidence was presented regarding Plaintiff's mental capacity through her ex-husband, Plaintiff Terry Thompson, acquaintances from church, and Dr. Mark Hill, a neuropsychologist accepted without objection as an expert by the Magistrate Judge, who examined Mrs. Thompson on January 13 and 26, 2005.

A review of the transcript of the July 11, 2008, evidentiary hearing reveals that Plaintiff's own testimony demonstrated she was well aware of

---

mental capacity caused her to fail to usher this suit along in this Court. Plaintiff has not assigned error to any of the findings of fact made by the Magistrate Judge regarding her mental capacity. The Court finds that, after a careful review of the transcript of the hearing, the motions, and supporting memoranda, the Magistrate Judge did not err in concluding that Plaintiff retained sufficient mental capacity to actively and appropriately participate in this matter. *See* **Magistrate Judge's Order, filed July 23, 2008,** *supra,* **at 14-15.**

the pending court case from its filing in state court to the present day, and that she understood what was at stake in this suit and what was required of her. She testified that her former attorney, Ron L. Moore, "filed the case and then stood down as my attorney. He said that he didn't work in the federal court." **Transcript, *supra*, at 49.** Plaintiff testified that she tried to find an attorney, but she could not find anyone that she "felt was interested or was willing to take it on at that point." ***Id*. at 51.** Additionally, she testified:

> I have focused on moving forward with my life and getting better and resolving the issues of the past and moving on with my life. It's been four years since the accident. And so the thought of coming back into the court and displaying everything and discussing all our personal lives and all of [the] medical data and getting entrenched in all that was not appealing to me.

*Id.* When asked if she thought she could now follow the Court's orders and directives, Plaintiff responded, "Yes, I have an attorney." ***Id*. at 54.**

Plaintiff testified that she contacted as many as five different attorneys' offices about her case between September and November 2007. ***Id*. at 55.** Plaintiff stated that she agreed with the opinion of her guardian *ad litem* that she was able to manage her own affairs and that she was competent and able to manage her own affairs from November 2007 to January 2008. ***Id*. at 59-60.** Plaintiff acknowledged receiving the Court's

orders pertaining to discovery in this matter, but explained that she did not follow through with the discovery because, "I wouldn't even know how to begin to put together documents . . . and then I wouldn't know what to do with them after I had them. I'm not an attorney. That's out of my area. There were other things going on at the same time." *Id.* **at 61.** Mrs. Thompson testified that she did not appear at the December 2007 hearing because she felt it would be a "fearful experience," not only to appear before the Court, but also to face her husband. *Id.* **at 62-63.** Mrs. Thompson further explained:

> I would like to go forward with [the lawsuit]. I feel like the things that were obstacles in my life have been removed. I have an attorney. The divorce is final. The house situation has been resolved as far as it can be. I have a job now, and I feel like I would like to be able to continue with [the lawsuit] if [the Court] would allow.

*Id.* **at 66.** When asked by her attorney if she was ready to proceed with her claims, Mrs. Thompson replied, "I think I understand now what's required and I believe I'm able to comply." *Id.* **at 67.**

The Court finds, from a review of this testimony and all the other evidence presented, the Plaintiff was fully aware her claim was pending in this Court, that she appreciated the importance of hiring an attorney to handle the case, and the consequences of ignoring the Court's orders.

What is also evident is that Mrs. Thompson deliberately chose not to prosecute her claim while proceeding *pro se* and only made an effort to pursue her claim after she hired an attorney nearly ten months following removal from state court. She offers no reasonable excuse for her neglect other than the lone assertion that she lacked the mental capacity to participate in this litigation due to her injuries; however, the Court finds her sworn testimony and other evidence of record clearly refutes this claim.

In addition, the Magistrate Judge's Orders directing Mrs. Thompson to participate in discovery and outlining the consequences of her not doing so demonstrate that she was clearly and continually apprised of her duty to provide discovery and to complete other obligations from August 2007 until March 2008. ***See* Order, filed March 21, 2008 (granting Covenant's second motion to compel which went unheeded by Mrs. Thompson).** Mrs. Thompson acknowledged receiving the orders, and the evidence shows she deliberately ignored each one until she received the Magistrate Judge's recommendation that her case be dismissed.

The Court has considered Rule 41(b), the relevant case law, the Magistrate Judge's proposed findings of fact and proposed conclusions of law with regard to the Plaintiff's claim of diminished mental capacity and

finds the Magistrate Judge did not err in his determination that Mrs.
Thompson was competent to manage her own affairs during the time
period in question, that her claims to the contrary are not credible, and that
such be dismissed with prejudice.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Covenant's motion
to dismiss Plaintiff Janice Thompson's claim with prejudice is **ALLOWED.**

**IT IS FURTHER ORDERED** that Plaintiff Terry Thompson's motion
for a mental examination of Plaintiff Janice Thompson is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Terry Thompson's motion to
dismiss without prejudice Plaintiffs' claims is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff Terry Thompson's motion to
dismiss without prejudice his derivative claim for loss of consortium is
**ALLOWED.**

**IT IS FURTHER ORDERED** that Defendant Covenant's motion to
extend the expert witness and discovery completion deadline is **DENIED**
as moot.

The pending motions for attorneys' fees and costs filed by Defendant Covenant against Plaintiff Janice Thompson are respectfully referred to the Magistrate Judge for further proceedings.

A Judgment incorporating these findings is filed herewith.

Signed: September 22, 2008

Lacy H. Thornburg
United States District Judge